UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ANTHONY CIMATO, JR.,

                        Plaintiff,

v.                                                                16-CV-94A(Sr)

STATE FARM FIRE AND CASUALTY COMPANY,

                        Defendant.

---

## **DECISION AND ORDER**

This case was referred to the undersigned by the Hon. Richard J. Arcara, pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters. Dkt. #8.

Plaintiff commenced this action in New York State Supreme Court, County of Erie, on January 6, 2016, claiming breach of a homeowner's insurance contract and seeking to enforce the appraisal provision in his contract of insurance after his home and personal property was damaged by a burst water pipe on January 8, 2014. Dkt. #1. On June 21, 2014, defendant remitted a partial payment of $109,552.85 for the loss. Dkt. #1. The matter was removed to this Court on February 4, 2016 based upon diversity of citizenship. Dkt. #1. Defendant denied plaintiff's claim on March 14, 2016. Dkt. #31, p.9.

Currently before the Court is plaintiff's motion to compel defendant to disclose approximately 48 documents which defendant claims are privileged. Dkt. #25.

### Documents Created Subsequent to Commencement of Litigation but prior to the Denial of the Claim

Plaintiff seeks disclosure of documents prepared prior to the denial of the insurance claim as documents prepared in the ordinary course of business. Dkt. #27, pp.6-8.

Defendant argues that the documents at issue consist of communications regarding the lawsuit commenced by plaintiff and not the decision making regarding whether to pay or reject plaintiff's claim. Dkt. #31, p.10. Thus, defendant argues that these documents were prepared in relation to the litigation, not in the ordinary course of business. Dkt. #31, p.10.

Plaintiff replies that the documents are discoverable regardless of their purpose if they were prepared prior to the decision to pay or reject the claim. Dkt. #33, p.6.

Rule 501 of the Federal Rules of Evidence provides that, "[i]n a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." "In a diversity case, the issue of privilege is to be governed by the substantive law of the forum state, here, New York." *Dixon v. 80 Pine St. Corp.*, 516 F.2d 1278, 1280 (2d Cir. 1975).

Because the payment or rejection of claims is a part of the regular business of an insurance company, New York provides that reports which aid in the

process of deciding whether to pay or reject a claim are discoverable. *Lalka v. ACA Ins. Co.*, 128 A.D.3d 1508, 1508-09 (4th Dep't 2015); *Donohue v. Fokas*, 112 A.D.3d 665, 666-67 (2d Dep't 2013); *Bombard v. Amica Mut. Ins. Co.*, 11 A.D.3d 647, 648 (2d Dep't 2004). Even when such reports are motivated in part by the potential for litigation with the insured, reports prepared by insurance investigators, adjusters or attorneys before the decision is made to pay or reject a claim are not privileged as materials prepared in anticipation of litigation, but are discoverable. *Lalka,* 128 A.D.3d at 1509; *Donohue* 112 A.D.3d at 667; *Bombard*, 11 A.D.3d 648. Thus, documents cannot be deemed privileged as documents prepared in anticipation of litigation when they are prepared prior to the determination of whether to accept or reject a claim. In addition, it seems axiomatic that documents created subsequent to the commencement of litigation cannot be categorized as prepared in anticipation of litigation.

The only disputed documents which are not claimed to be subject to attorney-client privilege are numbered 3114-3117. Dkt. #30-2, p.19 & Dkt. #31, pp.7-9. These documents are dated January 13, 2016, which precedes defendant's denial of plaintiff's claim and are not, therefore, subject to the privilege afforded documents prepared in anticipation of litigation. As a result, it is ordered that they be disclosed.

### Attorney-Client Privilege

Plaintiff argues that the privilege log fails to substantiate that many of the documents claimed to be protected by attorney-client privilege were communications

with an attorney or were created for the sole purpose of obtaining or providing legal advice. Dkt. #27, pp.9-11.

Defendant responds that the documents withheld pursuant to attorney-client privilege are communications with outside counsel regarding its legal rights and obligations and were intended to be and remain confidential. Dkt. #31, p.6. Defendant seeks to clarify that specific bates stamped documents are claim notes authored by State Farm investigators regarding communications with outside counsel, Scott D. Storm, Esq. and/or Michael A. Troisi, Esq., wherein counsel provided legal advice and/or State Farm provided information to counsel for purposes of obtaining legal advice. Dkt. #31, p.8.

Plaintiff responds that documents created prior to a determination of coverage are exempt from the protection afforded by the attorney-client privilege. Dkt. #33, p.6.

"Under New York law, the attorney-client privilege protects confidential communications between client and counsel where such communications are made for the purpose of providing or obtaining legal advice." *HSH Nordbank AG N.Y. Branch v. Swerdlow*, 259 F.R.D. 64, 70 (S.D.N.Y. 2009), *citing* N.Y. C.P.L.R. § 4503(a)(1). "A corporation's communications with counsel, no less than the communications of other clients with counsel, are encompassed within the legislative purposes of C.P.L.R. 4503, which include fostering uninhibited dialogue between lawyers and clients in their

professional engagements, thereby ultimately promoting the administration of justice." *Rossi v. Blue Cross & Blue Shield*, 73 N.Y.2d 588, 592 (1989).

"In order for the privilege to apply, the communication from attorney to client must be made 'for the purpose of facilitating the rendition of legal advice or services, in the course of a professional relationship.'" *Spectrum Sys. Int'l Corp. v. Chemical Bank*, 78 N.Y.2d 371, 377-78 (1991), *quoting Rossi*, 73 N.Y.2d at 593. "For the privilege to apply when communications are made from client to attorney, they must be made for the purpose of obtaining legal advice and directed to an attorney who has been consulted for that purpose." *Spectrum*, 78 N.Y.2d at 593. "So long as the communication is primarily or predominantly of a legal character, the privilege is not lost merely by reason of the fact that it also refers to certain nonlegal matters." *Rossi*, 73 N.Y.2d at 594. However, "an investigative report does not become privileged merely because it was sent to an attorney." *Spectrum*, 78 N.Y.2d at 379. The critical inquiry is whether the communication was made in order to render legal advice or services to the client. *Id.* The burden of establishing attorney-client privilege is on the party asserting it. *Spectrum*, 78 N.Y.2d at 377.

The remainder of the disputed documents were created prior to defendant's determination to deny plaintiff's claim. That fact does not preclude a determination that the documents are protected by the attorney-client privilege, but does require the Court to conduct an *in camera* review of the documents to determine whether "they are primarily reports of an investigation of plaintiff's claim," and therefore

discoverable, *Melworm v. Encompass Indem. Co.*, 37 Misc. 3d 389, 393 (S.Ct. Nassau Cty 2012), *aff'd* 112 A.D.3d 794 (2nd Dep't 2013), or "primarily and predominantly of a legal character," and therefore protected by the attorney-client privilege. *Melworm*, 112 A.D.3d at 796. The documents shall be provided to the Court within 10 days of the entry of this Decision and Order. The portions of the documents which defendant seeks to protect as privileged shall be highlighted.

        **SO ORDERED.**

DATED:    Buffalo, New York
               January 31, 2018

                                   *s/ H. Kenneth Schroeder, Jr.*
                                   **H. KENNETH SCHROEDER, JR.**
                                   **United States Magistrate Judge**