UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ANTHONY CIMATO, JR.,

                                     Plaintiff,

v.

                                                                       16-CV-94A(Sr)

STATE FARM FIRE & CASUALTY COMPANY,

                                     Defendant.

_____

## DECISION AND ORDER

        This case was referred to the undersigned by the Hon. Richard J. Arcara, pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters. Dkt. #8.

        Plaintiff commenced this action claiming breach of a homeowner's insurance contract and seeking to enforce the appraisal provision in his contract of insurance after his home and personal property was damaged by a burst water pipe on January 8, 2014. Dkt. #1. On June 21, 2014, defendant remitted a partial payment of $109,552.85 for the loss. Dkt. #1. The matter was removed to this Court on February 4, 2016 based upon diversity of citizenship. Dkt. #1. Defendant denied plaintiff's claim on March 14, 2016. Dkt. #31, p.9.

        By Order entered January 15, 2019, the Court granted defendant's motion to compel plaintiff to submit to deposition. Dkt. #45. The Court directed plaintiff to submit to a deposition no later than March 1, 2019, and warned plaintiff that his failure to do so would result in sanctions pursuant to Rule 37(b)(2) and Rule 41(b) of the

Federal Rules of Civil Procedure, including an order precluding plaintiff from presenting testimony at trial in support of his claim of loss and/or dismissal of the action. Dkt. #45.

Currently before the Court is a motion by Christopher M. Berloth, Esq., to withdrawal as counsel for plaintiff. Dkt. #46. Counsel has submitted an affidavit, *in camera*, setting forth the basis of his motion, as well as a certificate of service by mail and electronic mail upon plaintiff. Dkt. #48.

Rule 83.2(d) of the Western District of New York Rules of Civil Procedure provides:

> An attorney of record may file and serve a Motion to Withdraw as Attorney. The moving attorney shall submit any information reasonably necessary to support the application, including information that may be confidential or covered by the attorney-client privilege, in camera to the Judge, and must also serve such documents on the client. The Court may grant the motion upon a finding of good cause.

The decision to grant or deny a motion to withdraw as counsel is committed to the discretion of the district court. *Whiting v. Lacara*, 187 F.3d 317, 320 -321 (2d Cir. 1999). "When a court denies an attorney leave to withdraw it is usually because the client's rights will be prejudiced by the delay necessitated in obtaining replacement counsel or because the court's trial calendar will be adversely affected." *Welch v. Niagara Falls Gazette*, 2000 WL 1737947, *3 (W.D.N.Y. Nov. 17, 2000). *Whiting*, 187 F.3d at 320.

Upon review of the affidavit of Christopher M. Berloth, Esq., I find good cause to permit the withdrawal of Mr. Berloth as counsel for plaintiff, Anthony Cimato, Jr.

Accordingly, it is hereby **ORDERED** that:

(1) the motion of Christopher M. Berloth, Esq., seeking to withdraw as counsel for plaintiff (Dkt. #46), is granted;

(2) the Clerk of the Court shall serve a copy of this Order upon plaintiff, Anthony Cimato, Jr., *via* United States mail at P.O. Box 178, East Amherst, NY 14051;

(3) Plaintiff Anthony Cimato, Jr., shall retain new counsel, who shall file a notice of appearance, or advise the Court that he is proceeding *pro se,* no later than **March 8, 2019**; and

(4) Plaintiff Anthony Cimato, Jr. shall submit to deposition no later than **April 12, 2019**.

Plaintiff is forewarned that his failure to comply with this Order may result in dismissal of this action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**SO ORDERED.**

DATED: Buffalo, New York
February 5, 2019

  *s/ H. Kenneth Schroeder, Jr.*
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**